IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joseph James Pettis,  )
 )
       Petitioner,  ) Case No. 1:11-CV-883
 )
  vs.  )
 )
Warden, Lebanon Correctional  )
Institution,  )
 )
       Respondent.  )

O R D E R

    This matter is before the Court on Petitioner James Joseph Pettis's petition for a writ of habeas corpus (Doc. No. 4), Magistrate Judge Bowman's Report and Recommendation of January 3, 2013 (Doc. No. 10) recommending that Petitioner's petition be denied and Petitioner's objections to the Report and Recommendation (Doc. No. 16).  Also before the Court is Petitioner's motion for leave to amend his petition for a writ of habeas corpus.  Doc. No. 15.  For the reasons that follow, Petitioner's objections are not well-taken and are **OVERRULED**; the Court **ADOPTS** the Report and Recommendation; Petitioner's petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**  Petitioner's motion for leave to amend his habeas petition is not well-taken and is **DENIED.**

I. Background

    Petitioner Joseph James Pettis is an inmate in the custody of the Ohio Department of Rehabilitation and Correction serving an aggregate 40 year term of imprisonment following his convictions, after a jury trial, on three counts of rape and one

1

count of aggravated burglary. Evidence presented by the prosecution during the trial - principally the victim's testimony - showed that during the early morning hours of August 7, 2003, Petitioner entered the victim's home, placed a t-shirt over her head and a belt around her neck, and then forced her to perform fellatio on him. Petitioner also performed cunnilingus on the victim and inserted his fingers into her vagina. Inasmuch as DNA testing showed that Petitioner was the perpetrator of the assault, his defense was that the encounter between him and the victim was consensual.

Petitioner raised only two assignments of error on his direct appeal: 1) that the prosecution failed to present sufficient evidence of stealth to sustain his conviction for burglary; and 2) the prosecution failed to present sufficient evidence of force to sustain his rape convictions. The Ohio Court of Appeals rejected both claims of error and affirmed Petitioner's convictions. Doc. No. 8-1, at 39-42. Petitioner apparently did not pursue a further appeal to the Supreme Court of Ohio.

Petitioner then filed a motion under Rule 26(B) of the Ohio Rules of Appellate Procedure in order to assert two ineffective assistance of appellate counsel claims. Petitioner argued that his appellate counsel was ineffective for failing to assert as assignments of error on direct appeal claims that the prosecution failed to disclose alleged prior inconsistent statements of the victim and that the prosecution procured his convictions through perjured testimony. Petitioner's contention that the prosecution presented perjured testimony was based on the alleged prior inconsistent statements of the victim. The Ohio Court of Appeals denied Petitioner's Rule 26(B) motion. The court issued a brief opinion concluding that the alleged prior inconsistent statements were not material and thus did not undermine confidence in the verdict. The court also found that

Petitioner had not shown that the alleged prior inconsistent statements were demonstrably false. Consequently, the court stated, Petitioner failed to show that the prosecution knowingly presented perjured testimony. The court, therefore, determined that Petitioner's trial counsel was not ineffective and denied his motion to reopen his appeal.

Petitioner then filed with this Court the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's petition raised two assignments of error: 1) the prosecution erred to his prejudice by withholding exculpatory evidence (i.e., the victim's alleged prior inconsistent statements); and 2) the prosecution erred to his prejudice by presenting testimony that it knew or should have known was false.

In a Report and Recommendation issued in January 2013 (Doc. No. 10), Magistrate Judge Bowman concluded that Petitioner had procedurally defaulted his assignments of error by not raising them on direct appeal to the state court of appeals. Magistrate Judge Bowman observed further that Petitioner raised the underlying trial errors in his habeas petition in the context of the ineffective assistance of appellate counsel claims he asserted in his Rule 26(B) motion to reopen his appeal. Correctly citing Davie v. Mitchell, 547 F.3d 297, 312 (6th Cir. 2008), however, Magistrate Judge Bowman noted that Petitioner's Rule 26(B) motion based on ineffective assistance of appellate counsel did not preserve the merits of his underlying claims for review.

Judge Bowman also recognized, however, that ineffective assistance of appellate counsel could serve as cause to excuse Petitioner's procedural default. Judge Bowman then went on to consider whether Petitioner's appellate counsel was ineffective under the Strickland v. Washington, 466 U.S. 668 (1984), standard. In turn, this led Judge

3

Bowman to consider whether the victim's alleged inconsistent statements were material and subject to disclosure by the prosecution under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. In other words, Judge Bowman focused on whether Petitioner could establish the prejudice prong of Strickland.

Judge Bowman concluded that there was not any significant difference between the victim's pretrial statements to the police and her trial testimony. Judge Bowman also determined even if there were some discrepancies between the victim's statements to the police and her trial testimony, the discrepancies would not have changed the outcome of the trial. Judge Bowman noted that the alleged inconsistent statements concerned whether Petitioner used verbal threats of violence against the victim, but that the victim testified, consistent with her prior statements to the police, about Petitioner's use of physical force against her. Similarly, Judge Bowman noted that whether Petitioner verbally threatened the victim was irrelevant to his guilt or innocence on the rape charges because of the evidence that he overcame the victim's will through physical force. Essentially the same reasons supported Judge Bowman's determination that Petitioner's prosecutorial misconduct claim is without merit. Judge Bowman determined, therefore, that Petitioner's appellate counsel was not ineffective because the outcome of his trial would not have been different. As result of that determination, Judge Bowman concluded that Petitioner could not establish cause to overcome his procedurally defaulted claims.

Judge Bowman also determined that Petitioner could not overcome the procedural default through a showing of actual innocence.

Judge Bowman recommended, therefore, that the Court deny Petitioner's petition

for a writ of habeas corpus on the grounds that his claims are procedurally defaulted. Judge Bowman further recommended that the Court deny Petitioner a certificate of appealability and deny him leave to proceed in forma pauperis on appeal.

Apparently recognizing the correctness of Magistrate Judge Bowman's procedural default analysis, after the Report and Recommendation was docketed, Petitioner filed a motion to amend his habeas petition (Doc. No. 15). Petitioner states in his motion that he inadvertently asserted substantive Brady and prosecutorial misconduct claims when he really meant to allege that his appellate counsel was ineffective for failing to raise these claims on direct appeal.

Petitioner then filed objections to the Report and Recommendation itself. Doc. No. 16. Petitioner's theory is that had the prosecution disclosed the victim's prior inconsistent statements, her credibility would have been undermined at trial and the jury likely would have acquitted him.

Petitioner's objections to the Report and Recommendation are ready for disposition.

## II. Standard of Review

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, the district court shall not grant a petition for a writ of habeas corpus on any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim:

  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

  (2) resulted in a decision that was based on an unreasonable determination of

5

the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

A state-court opinion violates the "unreasonable application" clause of § 2254 when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state-court opinion will also involve the "unreasonable application" of Supreme Court precedent if it "either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context." Seymour v. Walker, 224 F.3d 542, 549 (6th Cir. 2000). The Supreme Court stated that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409. In defining the meaning of the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

Pursuant to Fed. R. Civ. P. 72(b), this Court reviews de novo Magistrate Judge Bowman's Report and Reecommendation.

### III. Analysis

As indicated above, Petitioner's entitlement to habeas relief hinges on whether the prosecution violated its duty to disclose exculpatory or impeachment evidence under Brady v. Maryland and its progeny. In turn, resolution of this issue depends on whether

6

the undisclosed alleged prior inconsistent statements are material. Petitioner's prosecutorial misconduct claim is largely indistinguishable from his Brady claim and rises or falls with it.

Magistrate Judge Bowman's conclusion that Petitioner procedurally defaulted his substantive Brady and prosecutorial misconduct claims is undoubtedly correct. Petitioner failed to raise these claims on direct appeal. Therefore, they are procedurally defaulted. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner can overcome the procedural default by demonstrating ineffective assistance of appellate counsel. Smith v. State of Ohio Dept. of Rehab. & Corr., 463 F.3d 426, 432 (6th Cir. 2006). This Court, however, still owes AEDPA deference to the state court of appeals' determination, in the context of ruling on Petitioner's Rule 26(B) motion to reopen his appeal, that his appellate counsel was not ineffective. See Davie, 547 F.3d at 313. This is true even though the state appellate court's order disposing of Petitioner's Rule 26(B) motion could accurately be characterized as being summary in nature. Wogenstahl v. Mitchell, 668 F.3d 307, 327 (6th Cir. 2012). In such a situation, "[u]nder § 2254(d), a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." Harrington v. Richter, 131 S. Ct. 770, 786 (2011).

In this case, the Ohio Court of Appeals denied Petitioner's Rule 26(B) motion on two grounds. First, with regard to the Brady-related claim, the court ruled that the victim's prior undisclosed statements were not material because "they could not

7

reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict[s]." Doc. No. 8-1, at 151 (quoting Kyles v. Whitley, 514 U.S. 419, 435 (1995)). Second, the court ruled that Petitioner's prosecutorial misconduct claimed based on the knowing use of perjured testimony was meritless "because the victim's testimony was not demonstrably false."

The Court concludes that the state court of appeals reasonably determined that the victim's undisclosed prior statements were not material because they do not put the case in such a different light as to undermine confidence in the verdicts. Because the state court reasonably determined that the undisclosed statements were not material, the court reasonably determined that Petitioner's appellate counsel was not ineffective for failing to raise a Brady claim in his direct appeal.

Having reviewed all of the transcripts at issue,[1] the Court concludes, as did Magistrate Judge Bowman, that there are no material inconsistencies between the victim's two statements to the police and her trial testimony. In all three accounts, the victim testified that she awoke to find Petitioner in her bedroom, that he approached her bed, pulled her t-shirt over her head, put his belt around her neck, and compelled her to perform fellatio; then he digitally penetrated the victim and performed cunnilingus on her. Whether the victim testified inconsistently about whether Petitioner used verbal threats of force to overcome her will would not have significantly undermined her credibility, as Petitioner contends, especially in light of the evidence that the victim suffered trauma that was consistent with sexual assault. Other inconsistencies

---

[1] Doc. No. 8-6, at 1-70 (Aug. 7, 2003 police interview); Doc. No. 8-7, at 1-41 (Apr. 7, 2008 police interview); Doc. No. 8-2, at 100-157) (Jan. 12, 2009 trial testimony).

identified by Petitioner, such as the location of the victim's bedroom in relationship to the other bedrooms in the house, and whether she ever returned to the house after the incident, are minor points that again do not substantially detract from the victim's credibility. Petitioner also points to an alleged inconsistency concerning the victim's ability to identify him. But this inconsistency is also immaterial since Petitioner conceded to the jury that he was there and "it was just a hookup that happened." Doc. No. 8-2, at 94.

Additionally, the effect of the alleged inconsistencies must be gauged in light of Petitioner's defense that the encounter between himself and the victim was consensual. See Doan v. Carter, 548 F.3d 449, 462 (6th Cir. 2008) (finding undisclosed evidence immaterial in light of defendant's implausible defense to murder charge). This theory was in fact extremely implausible and the jury would not likely have accepted it even in light of the inconsistent statements Petitioner contends should have been disclosed by the prosecution. While Petitioner did not bear any burden to prove that his encounter with the victim was consensual,[2] he did not offer to the jury any plausible alternative scenario which supported a consensual encounter between him and the victim. There was no evidence that Petitioner and the victim knew each other; indeed, at trial the victim could not identify Petitioner as the rapist. Doc. No. 8-2, at 123. Petitioner did not offer any explanation of how he came to be in the victim's house that night or the events that supposedly led up to a consensual sexual encounter between him and the victim.

---

[2] State v. Keeton, No. 03 CA 43, 2004 WL 1549421, at *11-*12 (Ohio Ct. App. July 9, 2004) (noting that consent is not an affirmative defense to rape; prosecution must prove non-consent).

9

Additionally, as already stated, Petitioner's claim that the encounter was consensual was refuted by the evidence that the victim suffered trauma that was consistent with sexual assault. Compare to State v. Davis, No. 07AP-356, 2008 WL 134232, at *8 (Ohio Ct. App. Jan. 15, 2008) (noting that consent "would have been a very difficult defense" to rape charge in part because victim and appellant were strangers and the victim had vaginal trauma).

In summary, the victim gave consistent accounts of the manner in which Petitioner entered her home and raped her. Moreover, the victim suffered trauma consistent with sexual assault. The alleged inconsistent statements identified by Petitioner are on relatively minor points and do not substantially undermine the victim's credibility. Finally, the defense of consent that Petitioner presented or tried to present at trial was not plausible. Consequently, the state court of appeals reasonably concluded that the undisclosed statements do not undermine confidence in the jury's verdicts. Therefore, the state court reasonably determined that Petitioner's appellate counsel was not ineffective for failing to raise a Brady claim on direct appeal.

Petitioner's prosecutorial misconduct claim falls with his Brady claim. The standard for prevailing on a claim that the prosecution presented false testimony is basically the same as a Brady claim. Petitioner must show that: 1) the statement was actually false; 2) the statement was material; and (3) the prosecution knew it was false. Brooks v. Tennessee, 626 F.3d 878, 894-95 (6th Cir. 2010). A statement is material if there is a reasonable likelihood that it could have affected the jury's verdict. Id.

In this case, the state court of appeals found that this claim was without merit because Petitioner failed to show that the victim's testimony was demonstrably false.

This was a reasonable conclusion because, as just discussed, the alleged prior inconsistent statements supporting Petitioner's claim were on minor points and do not undermine confidence in the jury's verdicts. The state court of appeals, therefore, reasonably determined that Petitioner's appellate counsel was not ineffective for not raising a prosecutorial misconduct claim on direct appeal.

In summary, Petitioner has not shown that the state court of appeals unreasonably determined that his appellate counsel was not ineffective. Petitioner, therefore, has not shown cause to excuse his procedurally defaulted claims. Additionally, as Magistrate Judge Bowman found, Petitioner has not overcome the procedural bar to his claims by making a showing of actual innocence. Accordingly, the Court agrees with the Magistrate Judge that Petitioner procedurally defaulted his Brady and prosecutorial misconduct claims.

Petitioner has also moved the Court to amend his habeas petition in order rephrase his Brady and prosecutorial misconduct claims in the context of ineffective assistance of appellate counsel claims. The trial court may deny leave to amend where it would be futile to permit an amendment. Thiokol Corp. v. Department of Treasury, 987 F.2d 376, 383 (6th Cir. 1993). As the foregoing discussion illustrates, the state court of appeals reasonably determined that Petitioner's appellate counsel was not ineffective. Therefore, granting Petitioner leave to amend his habeas petition to recast his Brady and prosecutorial misconduct claims as ineffective assistance of appellant counsel claims would be futile.

Conclusion

For the foregoing reasons, Petitioner's objections to Magistrate Judge Bowman's

Report and Recommendation are not well-taken and are **OVERRULED**. The Court **ADOPTS** the Report and Recommendation. Petitioner's application for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**. Petitioner's motion for leave to amend his habeas petition is not well-taken and is **DENIED.**

A certificate of appealability will not issue with respect to this order because under the first prong of the applicable two-part standard established in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural rulings. Additionally, Petitioner has failed to make a substantial showing of the denial of a constitutional right because reasonable jurists could not debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." Id. at 483-84. Petitioner remains free to request issuance of the certificate of appealability from the Court of Appeals. See 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b).

With respect to any application by Petitioner to proceed on appeal in forma pauperis, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would not be taken in good faith. Therefore, Petitioner is **DENIED** leave to appeal in forma pauperis. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

    **IT IS SO ORDERED**

Date June 26, 2013            s/Sandra S. Beckwith
                    Sandra S. Beckwith
                    Senior United States District Judge